HENRY B. STONE, administrator, *vs.* ADDISON BANCROFT.

One of the next of kin of an intestate promised the administrator to refund any portion of a sum paid to him by the latter, which should exceed his distributive share of the estate; and also to indemnify him against all loss which he might incur in consequence of the payment. The administrator resigned his trust, and the sum was not allowed in his final account; but his successor paid such an amount to the next of kin that the distributive share of the promisor exceeded the said sum. *Held,* that no action lay upon the promise.

CONTRACT by the administrator of the estate of Horace B. Stone on the following agreement, signed by the defendant and Samuel N. Bancroft, and dated September 17, 1860 : " We, Samuel N. Bancroft and Addison Bancroft, being heirs at law of Henry K. Bancroft, deceased intestate, hereby acknowledge that we have received of Horace B. Stone, administrator of the estate of said intestate, the sum of two hundred and thirty-eight dcl-

lars, which is so received by us as in part of our respective shares of said estate to which we are entitled as heirs, and to be accounted for with interest on final settlement. And in consideration thereof we do hereby agree with said Stone, that, in case it shall appear that the sum so paid to us is greater than our own just distributive share as heirs, we will refund to him the amount so overpaid with interest on demand, and will also indemnify for and against all loss, cost, damage and expense which he may incur in consequence of the payments so made to us." The case was submitted to the judgment of the court on a statement of facts, of which the following was the material part:

Horace B. Stone, being administrator of the estate of Henry K. Bancroft, made the agreement on the day of its date, paid to Samuel N. Bancroft the said sum of $238, and in 1863 resigned his trust as administrator, and Ellen Bancroft was appointed administratrix in his stead; but the said sum was not allowed to him in his final account. While administrator, he did not receive money enough to pay to each of the heirs of Henry K. Bancroft the sum specified in the agreement, but he received notes and securities belonging to the estate, which he delivered to Ellen Bancroft as administratrix, from which she realized an amount that enabled her to pay in 1868 to each of the heirs of Henry K. Bancroft, including Samuel N. Bancroft and the defendant, such a sum that the distributive share of each heir exceeded $238. Afterwards Horace B. Stone died, and the plaintiff was appointed the administrator of his estate.

If the court should be of opinion that the plaintiff was entitled to recover, he was to have judgment for whatever amount he might be entitled to upon the foregoing facts; otherwise, judgment was to be entered for the defendant.

*B. W. Potter*, for the plaintiff.

*F. T. Blackmer*, for the defendant.

AMES, J. The contract upon which the plaintiff relies was not an unconditional promise to repay to Horace B. Stone the money which he had advanced, nor was it a promise to indemnify him, or make a new adjustment with him, upon the happening ot any such event as his resignation of his trust, or his failure to

have allowance made in his account for the money which he paid in anticipation of the final settlement of his account. It was merely a promise that, if the sum of money which he so paid to Samuel N. and Addison Bancroft should be found to be greater than their just distributive shares as heirs, they would refund the excess with interest, and would indemnify him for and against all loss, cost, damage or expense in consequence of the payment so made. As that contingency has not occurred, and the payment did not exceed their distributive share, nothing ever became due upon the contract. His resignation of his trust has created a state of things which that contract does not provide for and cannot be made to reach, upon any rule of construction.

*Judgment for the defendant.*